HILTZ CROOK, E. L. HUGGINS, S. A. WESLEY, J. F. WESLEY, W. S. ADAMS, MRS. W. A. RUSS, MRS. N. B. STRICKLAND, GEO. W. HOUSEMAN, J. M. RUSS, S. H. GAMMAGE, AND W. W. BULLARD, *Appellants,* vs. H. H. WELLS, as Chairman, and GEORGE G. HILLS, ADDISON LOGAN, W. A. SHANDS, J. E. LUPFER, as Members of and Constituting the State Road Department of Florida; and L. F. CAWTHON, Chairman, L. E. LAIRD, H. LANCASTER, J. E. BOWERS, and HILTZ CROOK, as Members of and Constituting the Board of County Commissioners of Walton County, Florida, and the FIRST NATIONAL BANK OF DE-FUNIAK SPRINGS, Florida, a National Banking association under the Laws of the United States of America; and the STATE BANK OF DEFUNIAK SPRINGS, Florida, incorporated under the Laws of the State of Florida, and W. I. STINSON, *Appellees.*

144 So. 311.

En Banc.

Order entered September 13, 1932.
Opinion filed November 8, 1932.

190

W. W. *Flournoy,* for Petitioners;
B. A. *Meginniss* and *John M. Coe,* for Appellees.

Buford, C.J. and Whitfield, Ellis and Terrell, J.J., concur.

PER CURIAM.—Appellants instituted this suit in the Circuit Court of Leon County to restrain the State Road Department from proceeding with the construction of a bridge and approaches thereto across the Choctawhatchee River on State Road number ten east of Bruce, at or near the cow ford, and to restrain the Board of County Commissioners of Walton County from turning over to the State Road Department Fifty Thousand Dollars of the funds of said County for that purpose, the said funds being on deposit in the First National Bank and the Cawthon State Bank of DeFuniak Springs.

A temporary restraining order was denied and the bill of complaint was dismissed. Appeal was taken from that decree and this Court made an order pursuant to authority vested in it by Section Five of Article Five of the Constitution to hold the subject matter of the litigation in Status Quo pending the disposition of the appeal. The cause now comes on for consideration upon the motion of appellees to dissolve the Constitutional order of this Court.

The bill of complaint is predicated on lack of authority and abuse of discretion on the part of the Legislature, the Board of County Commissioners of Walton County and the State Road Department, to locate and construct State Road number ten and to construct the bridge over the Choctawhatchee River on said road at or near the cow ford.

As to the location of State Road number ten chapter 10269 Acts of 1925 as amended by Chapter 12308 Acts of 1927, is conclusive. It in terms locates said road through Panama City, Bruce and Freeport, the exact location thereof to be defined by the State Road Department. The term "roads" under our law includes bridges, ferries or other means of crossing streams. Chapter 6883 Acts of 1915 (Section 1193 Revised General Statutes of 1920 being Section 1633 of Compiled General Laws of 1927). The State Road Department was specifically authorized by

Chapter 12298 Acts of 1927 to survey, definitely locate and construct certain roads and bridges designated by Chapter 10269 Acts of 1925 which includes State Road number ten and the bridge on which this litigation is predicated. The policy or wisdom of such location and construction is not a matter against which the Courts can give relief unless shown to be a palpably arbitrary exercise of discretion.

As to the Fifty Thousand Dollars contributed by the County Commissioners of Walton County to aid of the construction of the bridge brought in question, it is sufficient to say that Chapter 13530 Acts of 1927 authorizes the said Board to issue its bonds in a specified amount and to use Two Hundred and Fifty Thousand Dollars of said amount for the construction of the necessary bridges, drainage structures and engineering costs of State Road number ten from the west shore of Choctawhatchee River to Bruce and to other points westward.

The record discloses that One Hundred Thirty-six Thousand Five Hundred Dollars of the cost of the instant bridge, that is to say, the cost of the approach and relief structure, must be expended West of the West shore of Choctawhatchee River. This being true the appropriation of Fifty Thousand Dollars by the County Commissioners of Walton County to aid in its construction was lawfully authorized; the approaches and other means of crossing the River being an essential part of the road and bridge under the law of this State.

The motion to dissolve the Constitutional order of this Court is therefore granted.

BUFORD, C.J. AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.